FILED
United States Court of Appeals
Tenth Circuit

March 23, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MARTIN ARIZMENDI-MORENO,
a/k/a Chaleco,

      Defendant - Appellant.

No. 14-1429
(D.C. No. 1:13-CR-00160-PAB-17)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **HOLMES**, and **MATHESON**, Circuit Judges.

Martin Arizmendi-Moreno entered into a plea agreement that included a

waiver of his right to appeal. He pleaded guilty to use of a communication facility to

facilitate a felony drug transaction in violation of 21 U.S.C. § 843(b) and (d)(1) and

was sentenced to forty-eight months of imprisonment. Despite the appeal waiver, he

appealed. Citing *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc)

---

[*]     This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(per curiam), the government moves to enforce the appeal waiver. We grant the motion and dismiss the appeal.

In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Mr. Arizmendi-Moreno, through counsel, concedes that the appeal waiver contained in the plea agreement is enforceable. Upon our independent review of the plea agreement and plea and sentencing hearing transcripts, we conclude that Mr. Arizmendi-Moreno cannot establish any of the applicable exceptions to enforcement of the appeal waiver and therefore the appeal waiver should be enforced.

Accordingly, we grant the motion to enforce, and we dismiss this appeal

Entered for the Court
Per Curiam
